# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### July 12, 2006 Session

## STATE OF TENNESSEE v. ANDRE DOTSON

**Criminal Court for Shelby County**
**Nos. 04-00868; 04-00869; 04-00870; & 04-00871      Joseph B. Dailey, Judge**

_____

**No. W2005-01594-CCA-R3-CD  - Filed November 29, 2006**

_____

JOHN EVERETT WILLIAMS, J., dissenting.

The majority concludes that there was insufficient evidence that victim Crain was "put in fear." The majority concludes that Mr. Crain disavowed being "in fear." I simply disagree. Witness Kevin Young, Mr. Crain's assistant who came from inside the store, testified that Mr. Crain told him he was being robbed and to call the police, which Mr. Young did. Mr. Crain described how a man jumped into his truck and ordered him to the front of the truck. Mr. Crain described that he was "angry" this was happening to him. He did not like being "backed into a corner at all." Mr. Crain offered no resistance and somehow exited the truck. Still angry about what was happening, Mr. Crain attempted to close the door and lock the defendant inside. When the defendant saw Mr. Crain's attempt or "caught him," the defendant threatened to shoot Mr. Crain. Mr. Crain believed the defendant was armed and saw the defendant reach for his pocket or belt line. Mr. Crain testified "there was too much things going through my mind at the time to actually mentally get a good picture." Mr. Crain could not identify the defendant.

The majority concludes that "[i]f a victim is put in fear by the action of a defendant, at some point the victim's testimony should establish that he was afraid." I conclude that the victim's actions spoke louder than his words.

First, he deserted a truck full of merchandise that he was charged with delivering. Second, he was mad at what was happening to him. Third, Mr. Crain was asked if he was in fear of the defendant's actions and his answer was: "I really wasn't afraid. I was more concerned – the fact that if something happened to me, my kids would be without a father." This statement can only be interpreted as one of contemplation of his death. Even if it is not an admission of fear, it is the precise evil which our statute seeks to forbid; to take property by threatening catastrophic consequences for noncompliance with the unlawful demand. Fourth, he received a direct threat from the defendant that he would be shot. Fifth, he told his assistant he was being robbed and call the police.

Clearly, any reasonable man would be in fear under these circumstances.  Mr. Crain appears to be a reasonable man, even though his testimony was somewhat equivocal when asked point blank if he was afraid.  Nonetheless, I conclude the jury possessed enough testimony to properly conclude that the victim was placed in fear.  Fear is the only rational explanation for Mr. Crain's statement to his assistant, deserting the truck, being angry, and contemplating death.

_____
JOHN EVERETT WILLIAMS, JUDGE